IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

LARY EVANS, JR.; AMANDA ALEXIS;

KEITH MONTGOMERY, JR.; LEROY NUNNERY;

and SYLVESTER JORDAN                                          PLAINTIFFS

 VS.                                    CIVIL NO. 5:20-cv-135-DCB-MTP

CONTINENTAL CARBONIC PRODUCTS, INC.;

JENNIFER CORA, individually and in her

official capacity; RICK TOLBERT, individually and in

his official capacity; and JOHN DOES 1-10          DEFENDANTS


<u>ORDER</u>

This matter is before the Court on Defendant Continental Carbonic Products, Inc. ("Continental") and Jennifer Cora's ("Cora") Motion for Partial Dismissal of the Complaint [ECF No. 4]. In response, Plaintiffs have conceded in part and seek to amend the original complaint regarding retaliatory and constructive discharge. [ECF No. 10]. Having read the Motion, response thereto, memorandum in support, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

<u>Background</u>

Plaintiff, Larry Evans ("Evans") filed a Charge of Discrimination with the EEOC in October of 2017. Evans received a notice of right to sue letter, but did not proceed with litigation.

On March 20, 2018, the Brookhaven Lincoln County NAACP filed a Charge of Discrimination with the EEOC on behalf of Plaintiffs, the "Brookhaven Charge" and received a notice of right to sue letter on February 18, 2020. Plaintiffs, Evans, Amanda Alexis, Keith Montgomery, Leroy Nunnery, and Sylvester Jordan filed this action on March 17, 2020. Plaintiffs allege claims of discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and 42 U.S.C. §1985(3). Plaintiffs also assert First Amendment claims and claims under the theories of failure to train and respondeat superior. Defendants filed a Partial Motion to Dismiss, and Plaintiffs have conceded to the dismissal of the following counts:

• The First Amendment claim against both Continental and Cora. [See ECF No. 5, Memorandum of Law in Support of Motion for Partial Dismissal of the Complaint (the "Principal Brief"), p. 13];

• The 42 U.S.C. § 1985(3) conspiracy claim against both Continental and Cora. [See ECF No. 5, Principal Brief, p. 15-16];

• The Mississippi state law respondeat superior claim against Continental (and Cora, if asserted against her). [See ECF No. 5, Principal Brief, p. 13];

• The Mississippi state law claim for failure to train against Continental (and Cora, if asserted against her). [See ECF No. 5, Principal Brief, pp. 14-15];

• All Title VII claims by all Plaintiffs against Cora in her individual capacity. [See ECF No. 5, Principal Brief, p. 12];

• All Title VII claims of Plaintiff Amanda Alexis against Continental and Cora. [See ECF No. 5, Principal Brief, pp. 5-6];

• The Title VII claims by Evans against Continental and Cora that Defendants asserted were outside the scope of the Brookhaven Charge, i.e., the alleged spying on Evans while he dressed in a sleeper truck and the termination of his employment in retaliation for complaining about discrimination and harassment. [See ECF No. 5, Principal Brief, p. 9];

• The Title VII claims by Plaintiff Keith Montgomery, Jr. ("Montgomery") against Continental and Cora that Defendants asserted were outside the scope of the Brookhaven Charge, i.e., the alleged spying on Montgomery while he dressed in a sleeper truck and the giving of false employment verifications to potential employers. [See ECF No. 5, Principal Brief, p. 9];

- General allegations of discrimination and harassment or retaliation by Cora or Rick Torbert ("Torbert"). [See ECF No. 5, Principal Brief, p. 10]; and,

- Retaliatory discharge claims of Evans, Montgomery and Alexis based on the filing of the Brookhaven Charge. [See ECF No. 5, Principal Brief, p. 11].

The Court hereby GRANTS dismissal of the aforementioned counts to which Plaintiffs have conceded [ECF No. 10 and ECF No. 13]. The remaining issues are (1) whether Plaintiff Evans' failed to file suit timely regarding his Title VII claims; and (2) whether Plaintiffs Leroy Nunnery and Sylvester Jordan have failed to exhaust administrative remedies regarding their Title VII claims.

## Discussion

### Evans' Title VII claims were timely filed

Evans filed two Charges of Discrimination with the EEOC regarding Continental. The first Charge was filed on October 25, 2017, and alleged discrimination and retaliation resulting from discrepancies in company policies that Evans addressed with management. [Exhibit 3]. Evans received a notice of right to sue letter on October 31, 2017, but he did not proceed with litigation. [ECF No. 5].

4

Brookhaven Lincoln County NAACP filed the second Charge, the Brookhaven Charge, on March 20, 2018, in which Evans was one of several Plaintiffs. In response to the Brookhaven Charge, the EEOC issued a notice of right to sue letter on February 18, 2020. The Brookhaven Charge alleged retaliation and racial discrimination based on racial slurs, discriminatory discipline and discharge, and discriminatory scheduling of routes. [ECF No. 5]. Evans current claims arise from the Brookhaven Charge.

The allegations of racial discrimination are not mentioned in Evans' initial charge and are therefore separate and distinct from claims of discrimination in the Brookhaven Charge. Evans is bound by the second right to sue letter issued in response to the Brookhaven Charge. Because Evans received that letter on February 18,2020, his claims are properly before the Court.

<u>Whether Plaintiffs Leroy Nunnery and Sylvester Jordan have failed to exhaust administrative remedies regarding their Title VII claims</u>

a. <u>Factual allegations not asserted in the Brookhaven Charge</u>

Defendants claim that Plaintiffs Leroy Nunnery and Sylvester Jordan failed to exhaust administrative remedies because the Complaint includes factual allegations that were not asserted in the Brookhaven Charge. Plaintiffs argue the claims arise out of the scope of the Brookhaven Charge. A

5

Title VII suit "may extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." Boland v. Mississippi Dep't of Pub. Safety, No. 3:17CV803-LG-RHW, 2019 WL 1139494, at *6 (S.D. Miss. Mar. 12, 2019) (citing Fine v. GAP Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993)). Leroy Nunnery and Sylvester Jordan both claim that they were required to "remain home on call for 24 hours without pay." The Brookhaven Charge addresses unequal pay due in part to not being given assignments [Exhibit A], and therefore claims of remaining on call without pay could reasonably grow out of the facts alleged. Therefore, the Court DENIES Defendants' Motion to Dismiss Leroy Nunnery's and Sylvester Jordan's Title VII claims for failure to exhaust administrative remedies for facts not alleged in the Brookhaven Charge.

b. Retaliatory and constructive discharge claims

Defendants argue that Plaintiffs Leroy Nunnery and Sylvester Jordan have failed to exhaust their administrative remedies for any claim of retaliatory and/or constructive discharge that occurred after the Brookhaven Charge was filed. Plaintiffs seek to amend the Complaint to clarify their retaliatory and constructive discharge claims. [ECF No. 10].

Rule 15 of the Federal Rules of Civil Procedure controls amending pleadings. Rule 15(a)(1) states that a party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). The district court should freely give leave to amend when justice so requires. Id.

Defendants assert that Plaintiffs should not be allowed to amend their complaint because: (1) the courts are bound by the allegations in the complaint and (2) Plaintiffs' response does not constitute an amendment to Plaintiffs' complaint. [ECF No. 13]. A district court should allow leave to amend unless there is "a 'substantial reason' to deny a party's request." N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co., 898 F.3d 461, 477 (5th Cir. 2018) (citing Jones v. Robinson Property Group, L.P., 427 F. 3d 987,994 (5th Cir. 2005)); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981). Pursuant to Federal Rule 15, the district court should freely give leave to amend when justice so requires. Therefore, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' retaliatory discharge and

constructive discharge counts and allows the Plaintiffs' to amend the complaint regarding these charges.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Motion for Partial Dismissal, filed by Continental and Jennifer Cora [ECF No. 4]is GRANTED in part and DENIED in part.

FURTHER ORDERED that Leroy Nunnery's and Sylvester Jordan's request to amend the complaint to clarify their retaliatory and constructive discharge claims [ECF No. 10] is hereby GRANTED. Plaintiffs are allowed ten (10) days within the entry of this Order to file an Amended Complaint.

SO ORDERED this the 22nd day of September, 2020.

\s\ David Bramlette

UNITED STATES DISTRICT JUDGE